**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 24th Street Holdings LLC, | No. CV-25-00157-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| BP Products North America Incorporated, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to

invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff 24th Street Holdings, LLC asserts that it is "a limited liability company organized and existing under the laws of the State of Texas." (Doc. 1 ¶ 1.)

An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

Plaintiff must file an amended complaint[1] that affirmatively alleges the citizenship of each member, using the proper legal standard—the amended complaint must include the place of domicile[2] for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of the members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

Accordingly,

**IT IS ORDERED** that by March 5, 2025, Plaintiff shall file an amended complaint establishing the relevant jurisdictional facts, as described in this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 19th day of February, 2025.

Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if it chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

[2] An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59.